UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE MICHELLE JENKINS,

     Plaintiff,

v.                                  Case No.:  2:18-cv-263-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## OPINION AND ORDER

Before the Court is Plaintiff Denise Michelle Jenkin's Complaint, filed on April 19, 2018. (Doc. 1).  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for disability insurance benefits and supplemental security income benefits.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions.  For the reasons set out herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**     **Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

     **A.**     **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B.     Procedural History

On December 14, 2015, Plaintiff filed an application for a period of disability and disability insurance benefits as well as an application for supplemental security income benefits. (Tr. at 103, 104, 208-221). Plaintiff asserted an onset date of January 1, 2014. (*Id.* at 208). Plaintiff's applications were denied initially on March 1, 2016, and on reconsideration on May 25, 2016. (*Id.* at 141, 142). Administrative Law Judge Eric Anschuetz ("ALJ") held a hearing on April 5, 2017. (*Id.* at 48-77). The ALJ issued an unfavorable decision on June 1, 2017. (*Id.* at 29-41). The ALJ found Plaintiff not to be under a disability from January 1, 2014, through the date of the decision. (*Id.* at 30).

On February 22, 2018, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on April 19, 2018. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 19).

### C.     Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2017. (Tr. at 31). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2014, the alleged onset date. (*Id.*). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "cervical degenerative disc disease C 5-8, panic disorder with agoraphobia as of April 1, 2016, asthma and obesity (20 [C.F.R. §§] 404.1520(c) and 416.920(c))." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (*Id.* at 32).

At step four, the ALJ determined the following as to Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967 (b) except the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can stand and/or walk for a total of six hours during an eight-hour workday. The claimant can sit for six hours

1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

in an eight-hour workday. The claimant can occasionally climb ladders, ropes, or scaffolds, but her ability to climb ramps and stairs is frequently. Her ability to balance is unlimited and she can frequently kneel, crouch, and crawl; but only occasionally stoop. She must avoid concentrated exposure to dusts, odors, fumes, and gases; as well as extremes of heat and cold. She can have occasional interaction with supervisors, coworkers, and the public. The claimant is limited to performing simple, routine, repetitive tasks, but not on a production quota basis. Must have the option to alternate sitting and standing at 20 minute intervals while remaining at her workstation.

(*Id.* at 34).

The ALJ found Plaintiff was unable to perform any past relevant work, including her past relevant work as a waitress, legal secretary, and payroll clerk. (*Id.* at 39). At step five, the ALJ determined that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.*). The ALJ noted that the vocational expert identified the following representative occupations for an individual with Plaintiff's age, education, work experience, and RFC: (1) copy machine operator, DOT # 207.685-014, light, unskilled work, SVP 2; (2) mail clerk, DOT # 209.687-026, light, unskilled work, SVP 2; and (3) office helper, DOT # 239.567-010, light, unskilled work, SVP 2. (*Id.* at 40).[2] The ALJ concluded that Plaintiff was not under a disability from January 1, 2014, through the date of the decision. (*Id.*).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II.     Analysis

On appeal, Plaintiff raises three (3) issues. As stated by the parties, they are:

(1)     Whether the Commissioner properly considered Plaintiff's impairments of carpal tunnel syndrome and fibromyalgia and the potential manipulative and exertional limitations to her residual functional capacity arising from those impairments.

(2)     Whether [the] Commissioner properly evaluated and weighed the opinion evidence of Plaintiff's treating physician.

(3)     Whether the Commissioner properly considered Plaintiff's disability under the Medical Vocational Guidelines upon her reaching 50 years old.

(Doc. 22 at 13, 21, 28). The Court addresses these issues in turn.

**A.      Whether the Commissioner Properly Considered Plaintiff's Carpal Tunnel Syndrome and Fibromyalgia Impairments**

Plaintiff argues that the ALJ committed reversible error in failing to properly consider Plaintiff's severe impairments of carpal tunnel syndrome and fibromyalgia throughout the sequential evaluation process. (Doc. 22 at 14). Specifically, Plaintiff claims that the ALJ erred in failing to find these impairments severe at step two and in failing to find additional manipulative and exertional limitations in Plaintiff's RFC. (*Id.*).

The Commissioner contends that the ALJ found in favor of Plaintiff at step two of the sequential evaluation by finding Plaintiff suffered from other severe impairments. (*Id.* at 18). Thus, the ALJ found that Plaintiff satisfied the step two requirements and proceeded to the remaining steps of the sequential evaluation. (*Id.*). Further, the Commissioner asserts that the ALJ is not required to list every severe impairment at step two even assuming Plaintiff is correct and her carpal tunnel syndrome and fibromyalgia are in fact severe impairments. (*Id.*). The Commissioner further contends that the ALJ's statement that he considered Plaintiff's impairments singly and in combination is sufficient to show that he considered all of Plaintiff's impairments and their combined effects. (*Id.*). Finally, the Commissioner argues that the ALJ considered Plaintiff's hands by mentioning that during the consultative examination, Plaintiff had a 5/5 hand grip strength. (*Id.* at 19).

At step two, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work, and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments

will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

In the Eleventh Circuit, however, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). Instead, the ALJ is only required to consider a claimant's impairments in combination, whether severe or not. *Id.* If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). "[B]eyond the second step, the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling." *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 841-42 (11th Cir. 2014) (internal citations omitted).

Here, the ALJ found that Plaintiff suffered from the following severe impairments: ""cervical degenerative disc disease C5-8, panic disorder with agoraphobia as of April 1, 2016, asthma and obesity (20 [C.F.R. §§] 404.1520(c) and 416.920(c))." (Tr. at 31). Thus, the ALJ found that Plaintiff met the requirements at step two and continued with the sequential evaluation. (*Id.*). However, the Commissioner fails to cite to any reference by the ALJ to Plaintiff's carpal tunnel syndrome or fibromyalgia in the decision.

Beginning with the carpal tunnel syndrome, on February 11, 2016, Plaintiff complained of pain and numbness in her right hand that occurs when she is writing or using a mouse with a computer. (Tr. at 1188). A medical provider diagnosed Plaintiff with carpal tunnel syndrome on

the right and prescribed ibuprofen 800 mg. to help with the right wrist pain and instructed

Plaintiff to limit activities that worsen the symptoms. (*Id.* at 1189, 1378). The medical notes

include that carpal tunnel syndrome is often caused by repetitive activities such as typing. (*Id.* at

1189). In addition, Plaintiff testified that she has carpal tunnel syndrome in both hands, but more

so in her right hand with ulnar neuropathy in the upper right half of her arm. (*Id.* at 64). Plaintiff

also testified that her pain management doctor is having her put gel on it to see if it helps with

the pain and, if not, he suggests a nerve block. (*Id.*).

Regarding fibromyalgia, on December 20, 2016, Plaintiff was "tentatively diagnosed

with fibromyalgia, prescribed gabapentin, and referred to a rheumatologist. (*Id.* at 1427). On

February 21, 2017, Plaintiff saw Marilu Colon-Soto, M.D., a rheumatologist. (*Id.* at 1476).

Plaintiff complained of joint pain and muscle pain that started approximately four (4) years prior

to the visit. (*Id.*). Plaintiff reported that she tolerated the gabapentin, but it did not control her

symptoms. (*Id.*). Plaintiff reported bilateral joint pain of the hands, wrists, elbows, shoulders,

hips, knees, feet, cervical spine, and lumbar spine and dry mouth and dry eyes. (*Id.*). Plaintiff

also reported morning stiffness, fatigue, sleep disorder, and pain at a level of 9/10 that is

constant, burning , stabbing, pins and needles, and radiates with it being worse at night and in the

morning with cold weather. (*Id.*). Plaintiff reported that these symptoms cause difficulty with

walking, getting dressed, and with activities of daily living. (*Id.*). Upon examination Plaintiff

had 17 out of 18 tender points and was very sensitive to touch, but also had full range of motion.

(*Id.* at 1480). Dr. Colon-Soto diagnosed Plaintiff with fibromyalgia and increased her

gabapentin prescription. (*Id.* at 1485).

Although the ALJ stated that Plaintiff does not have an impairment or combination of

impairments that meets or medically equals a listing, the Commissioner fails to cite to any

language in the decision that shows *any* mention of Plaintiff's carpal tunnel syndrome or fibromyalgia. Plaintiff's diagnosis of carpal tunnel syndrome included a limitation on activities that would worsen the symptoms, including repetitive motion such as typing. (*Id.* at 1189). Plaintiff's medical records concerning her fibromyalgia indicated that she had a high level of pain, stiffness, and fatigue. (*Id.* at 1476). The decision contains no mention of Plaintiff's carpal tunnel and/or fibromyalgia, the limitations that may be caused by these medical conditions, or how any limitations would affect Plaintiff's RFC. Given the ALJ's lack of consideration of the symptoms and limitations from these diagnoses, the Court is unable to conduct a meaningful judicial review of the ALJ's opinion concerning whether Plaintiff is capable of performing the jobs listed in the decision. *Robinson v. Astrue*, No. 8:08-CV-1824-T-TGW, 2009 WL 2386058, at *4 (M.D. Fla. Aug. 3, 2009).

For the foregoing reasons, the Court finds that the ALJ's decision is not supported by substantial evidence.

### B.      Plaintiff's Remaining Arguments

Plaintiff's remaining issues focus on whether the ALJ properly evaluated and weighed the opinion of a treating physician and whether the ALJ properly considered Plaintiff's age. (Doc. 22 at 21, 28). Because the Court finds that on remand, the Commissioner must reevaluate the medical evidence concerning Plaintiff's carpal tunnel syndrome and fibromyalgia, the disposition of these remaining issues would, at this time, be premature.

## III.    Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is not supported by substantial evidence.

Accordingly, it is hereby **ORDERED** that:

(1)     The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider:  (1) the medical evidence of record, especially as it relates to Plaintiff's carpal tunnel syndrome and fibromyalgia; (2) the evaluation and weight of Plaintiff's treating physician; and (3) Plaintiff's age.

(2)     If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3)     The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on June 21, 2019.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

10